UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAWRENCE ROPER, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-00883-LJM-DML |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Lawrence Roper for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 13-12-0015. For the reasons explained in this Entry, Roper's habeas petition must be denied.

**Discussion**

**A.  Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On November 26, 2013, Investigator B. Eloiza wrote a Report of Conduct that charged Roper with class A offenses 111/113, conspiracy/attempting/aiding or abetting/trafficking. The Conduct Report states:

> Offender Roper, Lawrence # 978911 provided a sufficient amount of information during recorded telephone calls made on the offender phone system which led to the trafficking incident on November 15th 2013 involving Offender Nelson, Ronald #973922. Offender Roper, Lawrence was interviewed on November 22, 2013 after being placed on "HPI" status. During the interview Offender Roper claimed the conversations leading to the trafficking incident were other circumstances not related to the facility. After a thorough examination of the recorded phone calls mentioned above, as well as the package intercepted on November 15th, 2013. I find there is sufficient evidence supporting that Offender Roper did aid and attempt to successfully traffic contraband into the facility on November 15th, 2013.

On December 3, 2013, Roper was notified of the charge of class A offenses 111/113, aiding or abetting/trafficking, when he was served with the Conduct Report and the Notice of Disciplinary Hearing (Screening Report). Roper was notified of his rights and pleaded not guilty. He indicated that he wished to call Offender Nelson as a witness, and as physical evidence requested the audio recording of the calls. Another offender agreed to serve as a lay advocate. Offender Nelson provided the following as a written statement: "I Ronald Nelson wasn't trafficking on the 15th of Nov 2013. So how yall come up with trafficking, conspiracy/aiding or abetting can't be true".

The hearing officer listened to an audio of the recorded conversations, assisted by Investigator Eloiza. The hearing officer determined that, due to the safety and security of the facility. Roper would not be allowed to review the audio. The hearing officer summarized the audio recordings as follows:

> DHO listened to audio recordings of calls with Mr. Eloiza of IA. Mr. Eloiza explained the use/meaning of the coded words in the conversations. In the first conversation it was noted the Ofd and his visitor were monitoring another female in the visiting room along with the Ofd. she was visiting. In the later phone

2

conversation, the female tells the Ofd. about her being talked with and any involvement she or the Ofd had in the incident earlier in the day.

The hearing officer conducted a disciplinary hearing in ISR13-12-0015 on December 5, 2013. Roper's comment was as follows:

> The audio wasn't no big discovery & everytime his visitor comes when mine does & mine gives her a ride but I don't know her. Me & my visitor talked & no pkg had been found & we never discussed any drugs & no code word could ever put me & Nelson together. There's no way IA can say I'm guilty. IA is conspiring to get me. No evidence links me & Nelson.

The hearing officer found Roper guilty of class A offenses 111/113, aiding, abetting/trafficking. The reason for the decision was that the conduct report was supported by the audio. In making this determination, the hearing officer considered staff reports, the statement of the offender, and the audio. The hearing officer recommended and approved sanctions including an earned credit time deprivation of 180 days and demotion from credit class 1 to credit class 2. The hearing officer imposed the sanctions due to the seriousness and frequency of the offense, the offender's attitude and demeanor during the hearing, and the degree to which the violation disrupted and endangered the security of the facility.

Roper's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Roper challenges the disciplinary action against him arguing 1) that his hearing did not comply with the minimal standards of due process; 2) that the hearing officer improperly denied his request to have the audio recorded phone calls; and 3) the notice he received was constitutionally inadequate.

　　1. Due process

Roper first argues that he was denied due process. He received 24-hour notice of the charge against him, and, at the time he received notice of the charge, he was given the opportunity to

3

request witnesses and evidence. The staff reports, Roper's statement, and the audio recordings of conversations were presented to and considered by the hearing officer. Roper's petition does not claim he was denied an impartial hearing officer.

Roper asserts more specifically that the hearing officer's decision was not supported by some evidence as required. Due process requires only that the Hearing Officer's decision be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), the standard of some evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*.

This evidence in this case consists of the six audio recordings, along with the Report of Conduct, Roper's statement, and Offender Nelson's statement. In the Report of Conduct, Investigator Eloiza relied on the recorded conversations and concluded that Roper attempted to traffic contraband into the facility. The hearing officer listened to the audio recordings of Roper's conversations and noted in his summary that in the first conversation Roper and his visitor were monitoring another female in the visiting room along with the offender she was visiting. The

hearing officer also noted that in the later phone conversation, the female tells Roper about being talked with and any involvement she or Roper had in the incident earlier in the day, which would have been November 15, 2013.

Here, there was "some evidence," including the conduct report and the audio recordings, to support the guilty finding. The Court will not reweigh this evidence. Roper has therefore failed to show that his conviction is not support by sufficient evidence.

### 2. Recorded conversations

Roper also argues that the hearing officer improperly denied his request for the audio recordings. The hearing officer determined that Roper would not be allowed to review the audio "[d]ue to the safety and security of the facility." The right to obtain evidence may be denied when such production of evidence is inconsistent with institutional safety and correctional goals. *Hill*, 472 U.S. at 454; *White v. Ind. Parole Bd.,* 266 F.3d 759, 767 (7th Cir.2001) (The Supreme Court in *"Wolff* concluded that disciplinary boards need not place on the record all of the evidence that influences their decisions. The Court recognized that considerations of institutional security may militate against full disclosure."). Roper's due process rights were not violated by the denial of his request to listen to the audio recordings.

### 3. Notice

Finally, Roper argues that he did not receive adequate notice of the charges against him because the Conduct Report failed to clarify what he did and how it was a conduct violation. On December 3, 2013, Roper was notified of the charge of class A offenses 111/113, aiding or abetting/trafficking, when he was served with the Conduct Report and the Notice of Disciplinary Hearing. The Conduct Report stated that Roper provided information during recorded telephone

5

calls that led to the trafficking incident with offender Nelson. Roper was aware of the acts he was accused of. Roper stated the following at the hearing:

> The audio wasn't no big discovery & everytime his visitor comes when mine does & mine gives her a ride but I don't know her. Me & my visitor talked & no pkg had been found & we never discussed any drugs & no code word could ever put me & Nelson together. There's no way IA can say I'm guilty. IA is conspiring to get me. No evidence links me & Nelson.

This statement shows that Roper was aware that he was suspected of participating in trafficking through use of his visitor and Nelson's visitor. He also knew that the source of suspicion was the recorded conversations in which he and his visitor used code words. Accordingly, Roper was sufficiently made aware of the charges against him and there was no due process violation in the notice given to him.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Roper to the relief he seeks. Accordingly, Roper's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/07/2015

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

6

Distribution:

Lawrence Roper
DOC # 978911
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN  46064

Electronically registered counsel